HATMAN v. BOETTIGHEIMER.

(Supreme Court, Appellate Term.   March 13, 1911.)

LANDLORD AND TENANT (§ 164*)—DANGEROUS OR DEFECTIVE CONDITIONS—
LANDLORD'S DUTY TO TENANT.
    The owner of a tenement house is not bound to guard an open cellar
    stairway in the rear of the house, inside a fence.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
    630–641;  Dec. Dig. § 164.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Hyman Hatman, by Celia Hatman, his guardian ad litem, against Ella Boettigheimer.  From a judgment of the Municipal Court, entered upon a verdict in favor of plaintiff, and from an order denying motion for new trial, the defendant appeals.  Reversed, and complaint dismissed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Nadal, Jones & Mowton, for appellant.

R. Dorfman, for respondent.

SEABURY, J.   This action is brought by an infant 3½ years of age, through his guardian, to recover damages for an injury alleged to have been sustained through the negligence of the defendant.  The defendant is the owner of a tenement house in Rivington street.  One of the hallways of the house leads into a back yard about 25 feet wide and 25 feet long.  Adjacent to the house, in the yard, was a stairway leading into the cellar of the house.  On one side of the stairway was the fence, and on the other side was an iron railing.  The entrance to the stairway was open.  The plaintiff, having been permitted by his parents to play in the yard, fell down the stairs.

It is claimed that the defendant was negligent in failing to guard, by a gate or otherwise, the opening to the cellar stairs.  We do not understand that the defendant was legally under such a duty.  As there is no evidence in the case from which negligence on the part of the defendant could be inferred, the complaint should have been dismissed.

Judgment reversed, with costs, and complaint dismissed.   All concur.