## O'NEILL v. HAYES.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

LANDLORD AND TENANT (§ 164*)—DANGEROUS PREMISES—DUTY TO GUARD.
    A landlord, maintaining a small flight of stone steps leading from the back yard of a tenement house to the cellar, was under no obligation to cover the same with a guard or grating in order to keep the children of his tenants from falling down the steps.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. § 164.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Helen O'Neill, an infant, by Cecelia O'Neill, her guardian ad litem, against George B. Hayes. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

George B. Hayes, of New York City, in pro. per.
Isidore Schneider, of New York City, for respondent.

PAGE, J. The plaintiff, an infant 2½ years of age, was the daughter of the janitress of a tenement house owned by the defendant. The back yard of the tenement was completely covered with flagstones and had a small flight of stone steps leading from it into the cellar. On the day of the accident the plaintiff was playing in the yard with a number of other children, and was accompanied by and in the care of her sister Evelyn, aged 11 years. She was standing near the opening to the cellar, and suddenly fell down the steps, breaking her arm and sustaining other lacerations. The plaintiff's mother and her sister Evelyn both testified that the stones in the yard were broken and full of holes, and Evelyn testified that the cause of the baby's fall was that she caught her foot in the hole in the flagging about 18 inches from the steps. The defendant called two of his tenants as witnesses, both of whom testified that the yard was completely renovated, and all the holes in the flagging fixed, about two months before the accident, and was in perfect condition, without holes or cracks, at that time, and is in that same condition to-day, though it has not been fixed since then. One of these tenants, a Mrs. Abramowitz, was in the yard taking care

---

of her own baby at the time of the plaintiff's fall and picked the injured baby up after the accident. She testified that she was watching the children at the time, and saw another baby three years old, who was in the yard, push the plaintiff into the cellar, and that was why she fell. The defendant and his collecting agent also testified that the stones were fixed up in perfect condition at the time of the accident, and were not broken and full of holes as stated by the plaintiff's mother.

The case was submitted to the jury to determine whether or not the defendant was negligent in not having a guard or grating over the steps to keep the children of his tenants from falling down them, and also whether or not the stones were broken and in a negligent condition, and as to the first point the learned trial justice expressly refused to charge the jury that the defendant was not under a duty to guard the opening. It has recently been held by this court in a very similar case that such a duty was not imposed by law upon a landlord. Hatman v. Boettigheimer, 128 N. Y. Supp. 22. The submission of this question to the jury was therefore reversible error, as the jury could have decided the case against the defendant upon this ground without resolving the conflicting evidence as to the condition of the yard.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.