FRITZ SEEL, Respondent, *v.* THE CITY OF NEW YORK, Defendant, Impleaded with the BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

First Department, October 26, 1917.

Municipal corporations — negligence — injury to one delivering coal at public school, city of New York — duty of defendants to invitee — contributory negligence by attempting to pass through unlighted passageway.

A person engaged in delivering a load of coal at a public school building in the city of New York and who enters the building for that purpose is acting within the performance of the business both of his master and of the city and board of education.

Being an implied invitee the city and board of education owed a duty so to maintain the school premises that the invitee shall not be subjected to unnecessary danger or risk.

But this duty does not require the building to be maintained in such condition that an invitee can wander at will over every portion thereof, and hence where there was a well-lighted and safe passageway through which he entered the building he is not entitled to recover damages where, instead of leaving by the same route, he of his own volition took a short cut through a dark and narrow portion of the building between the furnaces and the adjoining wall and fell over pipes extending from the boilers.

APPEAL by the defendant, the Board of Education of the City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 7th day of February, 1916, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 2d day of March, 1916, denying defendant's motion for a new trial made upon the minutes.

*E. Crosby Kindleberger*, for the appellant.

*Sidney J. Loeb*, for the respondent.

PAGE, J.:

The action was to recover for personal injuries sustained by reason of the plaintiff's tripping over a pipe upon the floor of the cellar of a public school building.

The plaintiff was in the employ of the Olin J. Stephens Company, and was engaged in delivering coal at this school building. The coal chute having become clogged, he went into the basement, crossed to the north side of the building, and proceeded west and then south to the coal bins. In this manner he passed around the boilers along a well-lighted passageway. In returning he turned south, and then east, going behind the boilers in a space that was dark, with pipes extending from the boilers to the wall of the building, both upon the floor and suspended from the ceiling, having a clearance of only four feet and eight inches. He either struck his head against these pipes or stumbled over the pipes on the floor, or both, and was injured.

The plaintiff, in my opinion, entered the building in performance of the business both of his master and the defendant, hence was an implied invitee and the defendant owed a duty to so maintain its premises that such invitee should not be subjected to unnecessary danger or risk. This does not, however, require the defendant to maintain its premises in such condition that the invitee can wander at will over each and every portion thereof. It is necessary that some portion thereof may be used by the owner for the convenient transaction of its own business. The defendant provided a safe, well-lighted although somewhat round-about passageway, which the plaintiff used when he entered the premises. The short cut by which he sought to leave the premises was necessarily appropriated by the owner to its own use, and the fact that large pipes extended across only four feet and eight inches from the floor was notice to the plaintiff that such space was not intended as a general passageway. The plaintiff having a safe and well-lighted means of exit, chose to go through a dark portion of the premises which was obviously appropriated to the machinery of the defendant's plant, and by so doing contributed by his negligence to his own injury.

The judgment should be reversed, with costs, the findings of the jury that the defendant negligently maintained the premises and that the plaintiff was free from contributory negligence are reversed, and the complaint dismissed, with costs.

CLARKE, P. J., SCOTT, DOWLING and SMITH, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.