MURRAY MILLER, an Infant, under the Age of Fourteen Years, by BENJAMIN MILLER, His Guardian ad Litem, and BENJAMIN MILLER, Individually, Plaintiffs, *v.* EL MIRASOL, INC., Defendant.

City Court of New York, Trial Term, Kings County, June 15, 1937.

*Louis George Rudd*, for the plaintiffs.

*Joseph H. Robinson*, for the defendant.

GEISMAR, J.   The infant plaintiff sued to recover for personal injuries which he claimed to have sustained as the result of the negligence of the defendant, the owner of a building situated at 3132 Brighton Sixth street, in the borough of Brooklyn, city of New York.

Defendant's building is known as a multiple dwelling containing over one hundred families. The plaintiff's father is a tenant of this building. The infant plaintiff, on November 12, 1934, at about eleven A. M., was at play in the courtyard of the premises with his aunt. While they were playing with a ball it got away from the plaintiff and rolled towards the side of the building in this courtyard,

where there was a low window, which furnished light and air to the cellar of the building. As the infant plaintiff was about to pick up this ball, part of his body pushed or stumbled against the window. As the result of this push, the window opened and the plaintiff was precipitated into the cellar, sustaining the injuries complained of.

At the conclusion of the plaintiff's case, the defendant made a motion to dismiss the complaint upon the ground that the plaintiff had failed to prove negligence on the part of the defendant. I reserved decision on this motion with consent. The defendant then put in its case and, after both sides rested, the defendant again made a motion to dismiss the complaint and I again reserved decision with consent. The jury thereafter brought in a verdict for the infant plaintiff in the sum of $500 and $30 for the infant's father for loss of services. The defendant then made a motion to set aside the verdicts of the jury upon the usual grounds and I also reserved decision on that motion. These motions are before me now.

To maintain an action for personal injuries occasioned by the negligence or want of care of another, it must be made to appear that the defendant owed some duty or obligation to the party injured, which he failed to discharge or perform. Unless there is some contract, duty or service which a party is bound to fulfill, there can be no negligence, fault or breach of the obligation. The reported cases, where parties are charged for injuries to another occasioned by accident, have been decided upon the principle that there was negligence in doing or omitting to do some act by which a duty or obligation which the law imposed has been disregarded. The real point to be determined, then, is whether the defendant owed any duty to the plaintiff.

We must keep in mind that the infant plaintiff was not injured because any defect existed in the courtyard, or because of an excavation which was left open in the courtyard, or on account of some obstruction in the courtyard. In fact, the proof is that the courtyard was perfectly safe and in proper condition. He only fell because his hand or body pushed against the window of the cellar with the result that it opened and the infant fell through the window. He clearly had no right to go into the cellar through this window. This window was not intended for any such purpose. This window was only intended to give light and air to the cellar. The act of the plaintiff in going through the window, either purposely or accidentally, was in violation of the purpose for which it was designed. It was never intended as a means of egress or ingress to the cellar. There is no proof that the children who played

in the courtyard were accustomed to use this window; it bore no indication that it was designed for any other use than to give light and air to the cellar and it furnished no invitation or attraction to children to use this window for entering the cellar. Under such a state of facts, and where a person voluntarily exposes himself to danger and is injured, there is no rule of law which authorizes a recovery.

No one is guilty of negligence by reason of failing to take precautions which no other man would be likely to take under the same circumstances. (*Greene* v. *Sibley, Lindsay & Curr Co.*, 257 N. Y. 190.)

I also think that the defective condition of the window was not the proximate cause of the plaintiff's injury. The plaintiff ran after his ball and, while trying to pick it up, fell against the window and for this the defendant is in nowise responsible. The window opened because of the sudden and unexpected force placed upon it, when plaintiff's body struck it, as he was endeavoring to save himself. There is thus presented the vexed problem of the status of a child injured by his voluntary interference with an object, which, but for his meddling, would not have hurt him. Indeed, I cannot escape the view that the violent propulsion of a heavy body might be expected to shatter any window and that all persons are chargeable with such knowledge.

In the case of *Tymon* v. *M. L. S. Construction Co.* (262 N. Y. 161) the court held that the owner of a building with a front area is not liable for injuries received by a young child who had gone into the areaway to recover a penny which had fallen therein, occasioned by the fall of a radiator which the janitress had placed at the dead end of the area and which the child attempted to move in his search for the penny. The Court of Appeals reversed the judgment of the courts below and in dismissing the complaint said: " Under these circumstances was the owner liable? Recognizing his obligation to the public as above stated, can we, or should we say that he was bound to anticipate any danger arising from standing this radiator in his areaway? We think not. The radiator did not fall of its own weight; neither was there anything unreasonable in using this vault or railed off areaway for the temporary storing of material taken out of the building, especially when it was removed some thirty feet or more from the stairway and the building entrance. Even then, when placed against the wall, the radiator was in no sense dangerous to persons using the areaway unless force was applied to it. That any outsider would have occasion to enter the areaway for its entire length and attempt to move the radiator was not such a happening as a reasonably prudent man could or would anticipate."

The fact that a tenant is permitted to play in the back yard of the premises does not give him a right to expect that every part of the premises shall be so arranged and kept that he may be in safety. It is only those parts where the tenant is expected to be that the owner must keep in a safe condition. (*Seel* v. *City of New York*, 179 App. Div. 659.)

The proximate cause of this accident was not in any defect of the courtyard. How could it be said that defendant might have anticipated such an accident as that which befell the plaintiff? The plaintiff had no right to use this window for the purpose of ingress or egress and it would be unreasonable to assume that the plaintiff would leave a place of safety and attempt to push this window open and thus meet with an accident.

In *Pollett* v. *Long* (56 N. Y. 200) Judge GROVER, writing for the court, said: " The party is liable for the natural and probable consequence of his wrongful act or omission, but not for those which are remote and speculative."

The risk must lie within the range of apprehension. (*Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339.) No more than reasonable care, however, is required. Every conceivable injury, due to unusual combination of circumstances to which may be contributed the negligence of the person injured, need not be foreseen. (See, also, *Polemanakos* v. *Cohn*, 234 App. Div. 563, 564.)

In view of the undisputed evidence in this case, that the window through which the plaintiff fell was used exclusively for light and air to the cellar, and that there never had been a previous accident at that place, such a misfortune as befell plaintiff could not have been reasonably anticipated.

I do not think that the defendant in the exercise of reasonable care could have anticipated that children playing in the courtyard would wander over to a window of a cellar, and would push and force it in. If the infant had stayed in the courtyard and played there where he had been accustomed to play, he would have been in a place of safety. By going over to this window and pushing it in either accidentally or purposely, he took his chances and assumed the risk of falling into the cellar.

This conclusion is supported by the decision in *Hatman* v. *Boettigheimer* (128 N. Y. Supp. 22). In that case the defendant owned a tenement house. Adjacent to the house in the yard where children played, was a stairway leading into the cellar of that house. On one side of the stairway was a fence, on the other an iron railing. The entrance to the stairway was open. The plaintiff having been permitted by his parents to play in the yard, fell down the stairs. It was claimed that the defendant was negligent in leaving the entrance unguarded. Held, that there was no duty

on the part of the landlord to provide a guard to the entrance of the cellar so that children would not fall down the steps. This decision was followed and cited in *O' Neill* v. *Hayes* (145 N. Y. Supp. 926), based on practically the same facts. The trial court had submitted to the jury to determine whether or not the defendant landlord was negligent in not having a guard or grating over the steps leading into the cellar to keep the children of his tenants who were playing in the yard from falling down them. The Appellate Term sent the case back for a new trial on the ground that it was error to submit this question to the jury, that as matter of law there was no duty imposed on the landlord to provide such guard and that the jury should have been so instructed. These two cases present stronger facts on behalf of the plaintiff than the instant case. Following the reasoning in these cases and after a careful reading of all the cases on the subject, including the many cases in the briefs submitted on this motion, I am constrained to hold there was no duty on the part of the landlord to anticipate an accident of this character. Any claim that the landlord maintained a dangerous private nuisance by locating so fragile a structure as an open window at this spot seems to me a *reductio ad absurdum.* I do not think that the defendant in the exercise of reasonable care could have anticipated that children playing in the courtyard would wander over to a window of a cellar, and would push and force it in. I find as a matter of law that if the infant had stayed in the courtyard and stayed where he had been accustomed to play, he would have been in a place of safety. By going over to this window and pushing it in either accidentally or purposely, he took his chances and assumed the risk of falling into the cellar.

The verdict was contrary to and against the weight of the evidence on the questions submitted to the jury, and, for the reasons expressed herein, the motion to set aside the verdict of the jury should be granted.

Furthermore, upon the principles of law set forth herein, the complaint should be dismissed and the motion to that effect is granted.