PAUL JAMES TURPIN v. PAUL JAMES GALLIMORE AND PAULA TYSINGER GALLIMORE

No. 7019SC310

(Filed 24 June 1970)

1. Negligence § 35— nonsuit for contributory negligence

   Dismissal of an action because of contributory negligence is proper when plaintiff's evidence reasonably permits no other inference.

**2. Automobiles § 79— intersection accident — contributory negligence of turning motorist**

In this action for damages resulting from a collision at an intersection controlled by an electric traffic signal, plaintiff's evidence disclosed contributory negligence as a matter of law on the part of the driver of his automobile where it showed that defendant was proceeding in her proper lane on a green light in the opposite direction from which plaintiff's driver was originally proceeding, and that as plaintiff's driver attempted to make a left turn at the intersection, plaintiff's automobile was struck in the rear by defendant's oncoming vehicle.

APPEAL by plaintiff from *Godwin, S.J.,* 5 January 1970 Session, RANDOLPH Superior Court.

Plaintiff instituted this action to recover $400 for damage to his 1963 Ford resulting from a collision with a 1964 Ford belonging to the male defendant and operated at the time of the collision by the feme defendant. Plaintiff alleged that the feme defendant was negligent in that she drove at excessive speed, failed to keep a proper lookout and her vehicle under proper control, and failed to yield the right-of-way.

In their answer defendants pleaded contributory negligence on the part of plaintiff's driver, specifically that said driver turned from a direct line of traffic without first determining that said movement could be made safely, made a left turn without giving a proper signal, drove carelessly and recklessly, failed to keep a proper lookout, and failed to yield the right-of-way. Defendants also pleaded a counterclaim against plaintiff for $400 damage to their car.

At trial plaintiff's evidence tended to show: Sunset Avenue in Asheboro runs east and west, has two lanes for westbound traffic, each lane being approximately 15 feet wide, and two lanes of similar width for eastbound traffic, with a three-foot median between the eastbound lanes and the westbound lanes. Sunset Avenue is bisected by a similar four-lane avenue running north and south connecting Salisbury Street with U.S. 220 bypass, there being a three-foot median between the northbound and southbound lanes of this avenue. Traffic at the intersection is controlled by a single-unit electric traffic light signal with the usual green, yellow and red lights, suspended over the center of the intersection. The driver of plaintiff's car approached the intersection in the left southbound lane of the connector avenue and stopped for a red light. When the light turned green, he gave a left turn signal, proceeded diagonally across the intersection with the intention of going east on Sunset Avenue. Before proceeding through the intersection, he looked south on the connector avenue toward U.S. 220 bypass (he could see approxi-

mately 170 feet) but saw no traffic approaching. He proceeded to enter the right eastbound lane of Sunset Avenue and had almost cleared the intersection when the right rear corner of plaintiff's car was struck by the front of defendants' car which was traveling north in the right or easternmost lane of the connector avenue. Plaintiff's driver did not see defendants' car before the collision. The feme defendant was proceeding on a green light and the collision occurred in her lane in the intersection.

At the conclusion of plaintiff's evidence, defendants' motion for directed verdict was allowed. At the conclusion of defendants' evidence on the counterclaim, plaintiff's motion for directed verdict was allowed. From judgment dismissing his action and taxing him with the costs, plaintiff appealed. Defendants did not appeal.

*Ottway Burton for plaintiff appellant.*

*Coltrane & Gavin by T. Worth Coltrane for defendant appellees.*

BRITT, J.

Plaintiff's first assignment of error relates to the allowance of defendants' motion for directed verdict and judgment dismissing his action. We hold that the motion was properly allowed and judgment appropriately entered for that plaintiff's own evidence disclosed contributory negligence as a matter of law on the part of the driver of plaintiff's automobile, which contributory negligence was imputed to plaintiff.

[1]     No inflexible rule can be laid down as to whether the evidence discloses contributory negligence as a matter of law, but each case must be determined upon its own particular facts. 6 Strong, N.C. Index 2d, § 35, p. 72. Dismissal of the action because of contributory negligence is proper when plaintiff's own evidence reasonably permits no other inference. *Lowe v. Futrell,* 271 N.C. 550, 157 S.E. 2d 92.

[2]     Plaintiff's own evidence disclosed that the driver of his automobile attempted to make a left turn at an intersection of two four-lane streets; that traffic at the intersection was controlled by an electric traffic control signal; that the feme defendant was proceeding in her proper lane on a green light in the opposite direction from which plaintiff's driver was originally proceeding and struck the rear of plaintiff's automobile as it crossed her lane. Although plaintiff alleged excessive speed on the part of the feme defendant, there was no evidence to support this allegation; plaintiff's driver testified he did not see defendants' automobile prior to the collision. We

think plaintiff's evidence reasonably permits no inference except that his driver attempted to make a left turn in the face of oncoming traffic without determining that said movement could be made safely, that he failed to keep a proper lookout, and that said driver failed to yield the right-of-way to the feme defendant.

For the reasons stated, the judgment of the superior court is

Affirmed.

BROCK and HEDRICK, JJ., concur.