ROGER DALE CLARY v. ALEXANDER COUNTY BOARD OF EDU-
CATION

PHYLLIS CLARY, ADMINISTRATRIX OF THE ESTATE OF FRED H. CLARY
v. ALEXANDER COUNTY BOARD OF EDUCATION

No. 7322SC637

(Filed 24 October 1973)

1. **Schools § 11— high school basketball player — invitee**
    A student participating in pre-season practice for a high school
basketball team was an invitee while in the school's gymnasium.

2. **Schools § 11— duty of landlord to invitee — applicability to school board**
    The rule that a landlord owes a duty to an invitee to use reason-
able care to keep the premises safe and to warn of hidden dangers
applies to a public school or board of education if the board of educa-
tion has waived the defense of sovereign immunity by purchasing lia-
bility insurance as permitted by G.S. 115-53.

3. **Schools § 11— high school basketball player — collision with glass panel — contributory negligence**
    A high school basketball player was contributorily negligent in
colliding with a glass panel in the gymnasium wall some three feet
from the end line of the basketball court while running wind sprints
from one end of the court to the other, notwithstanding he was running
the wind sprints at the direction of his basketball coach, where the
player was thoroughly familiar with the gymnasium and the proximity
of the glass panels to the basketball court.

APPEAL by plaintiffs from *Winner, Judge,* 9 April 1973
Session of Superior Court held in ALEXANDER County.

Plaintiffs instituted these actions against the Alexander
County Board of Education to recover for personal injuries
sustained and medical expense incurred when Roger Dale Clary,
a student at Stony Point High School, collided with one of the
glass panels in the wall adjacent to the doorway at the front
end of the school gymnasium.

Plaintiffs alleged in their complaints that the Board of
Education was negligent in permitting breakable glass panels
to be used in a wall near the basketball court and in permitting
the basketball coaches to direct the players to run wind sprints
in the direction of the panels.

The evidence for the plaintiffs was substantially as follows:

On the afternoon of 8 October 1968 Roger Dale Clary, age
17, a senior in high school, participated in pre-season basketball

practice in the school gymnasium. He had been a member of the high school team for the three previous years and was familiar with the gymnasium where the basketball games were played. During the course of this practice session, the players were directed to run wind sprints from one end of the basketball court to the other. Clary had run similar sprints in this gymnasium during the three previous years.

One end line of the basketball court in the Stony Point High School gymnasium was located three feet from the gymnasium wall. The wall at this end of the court contained several glass panels or windows which were in plain view. In his testimony Clary stated: "I didn't have any trouble seeing the window, and I knew it was there. I hit the window with my left arm. I covered my face. I did fall down. When I hit the glass and was cut, I fell back onto the floor. . . . I knew that I had to stop or run into something." In running one of his wind sprints upon this particular occasion, Clary did not stop but crashed into one of the glass panels. The glass shattered and he was severely injured.

At the close of plaintiffs' evidence the court granted defendant's motion for a directed verdict because of the contributory negligence of Roger Dale Clary. Plaintiffs appealed to this court.

*Collier, Harris, Homesley & Jones, by Jack R. Harris and Edmund L. Gaines, for plaintiff appellants.*

*Hedrick, McKnight, Parham, Helms, Warley & Kellam, by Philip R. Hedrick, and Frank & Lassiter, by Jay Frank and Michael T. Lassiter, for defendant appellee.*

BALEY, Judge.

The sole question for decision in this case is whether plaintiffs' evidence when considered in its most favorable light for the plaintiffs discloses contributory negligence as a matter of law. The trial court answered this question in the affirmative, and we agree.

[1] As a student participating in pre-season practice for the Stony Point High School basketball team, Roger Dale Clary was an invitee on the property of defendant. *See Hood v. Coach Co.,* 249 N.C. 534, 107 S.E. 2d 154; *Pafford v. Construction Co.,*

217 N.C. 730, 9 S.E. 2d 408.   A landlord owes a duty to an invitee to use reasonable care to keep the premises safe and to warn of hidden dangers, but he is not an insurer of the invitee's safety. *Wrenn v. Convalescent Home,* 270 N.C. 447, 154 S.E. 2d 483; *Waters v. Harris,* 250 N.C. 701, 110 S.E. 2d 283; *Hull v. Winn-Dixie Greenville, Inc.,* 9 N.C. App. 234, 175 S.E. 2d 607.   Specifically, he cannot be held liable for injuries to an invitee when the injuries are caused by the invitee's contributory negligence. *Berger v. Cornwell,* 260 N.C. 198, 132 S.E. 2d 317; *Waldrup v. Carver,* 240 N.C. 649, 83 S.E. 2d 663; *Blake v. Tea Co.,* 237 N.C. 730, 75 S.E. 2d 921; *Gordon v. Sprott,* 231 N.C. 472, 57 S.E. 2d 785.

[2]   These rules apply to a public school or board of education just as they apply to any other landlord, if the board of education has waived the defense of sovereign immunity (as defendant has done in the present case) by purchasing a liability insurance policy, as permitted by G.S. 115-53.   *Stevens v. Central School Dist. No. 1,* 25 App. Div. 2d 871, 270 N.Y.S. 2d 23 (1966), *aff'd mem.,* 21 N.Y. 2d 780, 235 N.E. 2d 448, 288 N.Y.S. 2d 475 (1968) (school owes duty of reasonable care to invitee); *Juntila v. Everett School Dist. No. 24,* 183 Wash. 357, 48 P. 2d 613 (1935) (school is not an insurer of invitee's safety); *Seel v. City of New York,* 179 App. Div. 659, 167 N.Y.S. 61 (1917) (school is not liable to invitee who is contributorily negligent).

"Contributory negligence is such an act or omission on the part of the plaintiff amounting to a want of ordinary care concurring and cooperating with some negligent act or omission on the part of the defendant as makes the act or omission of the plaintiff a proximate cause or occasion of the injury complained of." *Adams v. Board of Education,* 248 N.C. 506, 511, 103 S.E. 2d 854, 857; *accord,* 6 Strong, N.C. Index 2d, Negligence, § 13, pp. 33-34.

[3]   In the present case Roger Dale Clary was a senior student at Stony Point High School who had been a member of the school basketball team for three years.   He was thoroughly familiar with the gymnasium and the proximity of the glass panels to the basketball court.   He knew, or should have known, that glass will or can break when a heavy body comes violently into contact with it, and that broken glass is dangerous and can cut a person severely. He had run wind sprints upon many other occasions in this gymnasium and knew, or should have known,

that he could not stop immediately at the end line of the basketball court when running at top speed. He knew that the glass panel was within three feet of the end line of the basketball court and in plain view. Yet he chose to run directly at the panel at full speed without slowing down until he was within three feet of the glass. Anyone who runs toward a glass wall at full speed and does not slow down until he is only three feet from the wall would be compelled by his momentum to crash into the wall and suffer injury. We hold that Roger Dale Clary failed to exercise ordinary and reasonable care for his own safety under the known circumstances then existing and was clearly negligent. There is no other reasonable inference to be drawn from the evidence. Since plaintiffs' own evidence established his contributory negligence, the directed verdict for the defendant was entirely proper. *Lowe v. Futrell*, 271 N.C. 550, 157 S.E. 2d 92; *Turpin v. Gallimore*, 8 N. C. App. 553, 174 S.E. 2d 697, *cert. denied*, 277 N.C. 117.

Plaintiffs contend that Clary was excused from contributory negligence, if any, because he was acting under the instructions of his basketball coach. The rule with respect to acting in obedience to the orders of a person in authority requires that such orders be disregarded when a reasonable man under similar circumstances would know that his compliance with such orders would result in his injury. *Swaney v. Steel Co.*, 259 N.C. 531, 131 S.E. 2d 601; *see Drumwright v. Theatres, Inc.*, 228 N.C. 325, 45 S.E. 2d 379; *Johnson v. R.R.*, 130 N.C. 488, 41 S.E. 794; *Lambeth v. R.R.*, 66 N.C. 494.

Since we have reached the conclusion that contributory negligence would bar recovery of the plaintiffs, we do not consider the question of negligence of the defendant Board of Education in the construction and operation of the school gymnasium in the manner herein described.

The injuries suffered by Roger Dale Clary are most unfortunate but the evidence clearly supports the directed verdict for the defendant entered by the trial court.

Affirmed.

Chief Judge BROCK and Judge BRITT concur.