KRISTEN S. DANIEL, Plaintiff v. THE CITY OF MORGANTON, THE BURKE COUNTY BOARD OF EDUCATION, and DEBORAH GOBER, Defendants

No. COA96-267

(Filed 7 January 1997)

**1. Trial § 38 (NCI4th)— summary judgment—genuine issue of material fact—eliminate formal trial—question of law**

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. N.C.G. S. § 1A-1, Rule 56(c). Its purpose is to eliminate formal trials where only questions of law are involved.

**Am Jur 2d, Summary Judgment §§ 1, 26, 27, 32-36.**

**Propriety of considering answers to interrogatories in determining motion for summary judgment. 74 ALR2d 984.**

**2. Schools § 210 (NCI4th)— summary judgment—school board—high school student—softball practice—dangerous condition—no breach of duty**

The trial court did not err by granting summary judgment in favor of defendant school board as to plaintiff's claim of negligence where the plaintiff, who was injured while participating in her high school softball practice, was playing on a field which was under construction; defendant coach directed plaintiff and her teammates to practice on the rough playing field; plaintiff, an invitee, was aware of the dangerous condition of the field prior to her injuries; and defendant board thus did not have a duty to warn plaintiff of the condition of the field and did not breach its duty to plaintiff.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 601-603, 605-607, 675, 676; Summary Judgment § 6.**

**Tort liability of public schools and institutions of higher learning for accident occurring during school athletic events. 35 ALR3d 725.**

**3. Schools § 172 (NCI4th)— summary judgment—school board—high school student—softball practice—injured—governmental immunity—insurance—exclusionary clause**

The trial court correctly granted summary judgment in favor of the defendant board of education where the board established the complete defense of governmental immunity, and plaintiff, a high school student who was injured during the school's softball practice, failed to establish an actionable claim of negligence. A county board of education is a governmental agency, and therefore is not liable in a tort or negligence action except to the extent that it has waived its governmental immunity pursuant to N.C.G.S. § 115C-42. While the board had procured insurance, the policy specifically excluded liability for injuries to any person injured while participating or practicing in a contest or exhibition sponsored by the board.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 42-44, 59, 60.**

**Liability or indemnity insurance carried by governmental unit as affecting immunity from tort liability. 68 ALR2d 1437.**

**Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.**

**4. Schools § 182 (NCI4th)— softball coach—unsafe playing field—student injured—negligence—contributory negligence**

While defendant Gober, a mathematics teacher and assistant softball coach, was negligent by holding practice on a rough playing field and advising student players that it would improve their game if they practiced on the rough field, plaintiff's claim against defendant Gober for injuries received when she was struck by a ball that took an erratic hop was barred by plaintiff's contributory negligence where plaintiff's deposition statements showed that she knew that other players had been hit by balls taking erratic hops on the field; she knew if she practiced on the field she, too, could be hit; and she considered the field unsafe before her injury occurred.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 151, 606, 607.**

DANIEL v. CITY OF MORGANTON

[125 N.C. App. 47 (1997)]

**5. Public Officers and Employees § 68 (NCI4th)— summary judgment—injured high school student—rough playing field—no governmental immunity—no recovery—contributory negligence**

Defendant Gober, a high school mathematics teacher and assistant softball coach, did not have governmental immunity from liability for acts of negligence because she is an employee of the defendant board of education and not an officer. However, the plaintiff's contributory negligence barred recovery against defendant Gober for injuries received by plaintiff high school softball player while practicing on a field that was under construction.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 45, 606; Public Officers and Employees § 306.**

**6. Negligence § 69 (NCI4th)— summary judgment—high school softball player—city—leased property—licensee—absence of negligence—contributory negligence**

The trial court did not err in granting defendant city's motion for summary judgment where defendant, a high school softball player, was injured while practicing on a field which was under construction. The city leased the field to the defendant school board; however the city was unaware that the board was using the rough playing field for softball practice. Plaintiff, a licensee to the city, entered the property at her own risk. The evidence showed that the plaintiff was aware of the dangers of the rough playing field; therefore, the city was not liable to the plaintiff.

**Am Jur 2d, Premises Liability §§ 159, 160.**

**Modern status of rules conditioning landowner's liability upon status of injured party as invitee, licensee or trespasser. 22 ALR4th 294.**

Appeal by plaintiff from summary judgments entered 12 December 1995 by Judge Julia V. Jones in Burke County Superior Court. Heard in the Court of Appeals 19 November 1996.

*Daniel & LeCroy, P.A., by M. Alan LeCroy, for plaintiff appellant.*

*Patrick, Harper & Dixon, by Stephen M. Thomas, for defendant appellee City of Morganton.*

*Patton, Starnes, Thompson, Aycock, Teele & Ballew, P.A., by Larry A. Ballew, for defendant appellees Burke County Board of Education and Deborah Gober.*

SMITH, Judge.

On 19 March 1990 plaintiff was participating in softball practice with the Freedom High School girl's varsity softball team. The softball field on which practice was being held was located on a portion of land owned by defendant, Burke County Board of Education (Board) and leased and maintained by defendant, City of Morganton (City). The softball field was in the course of being constructed by the City and the surface of the playing field was rough. Grass was in intermittent spots and there were a number of bare patches and numerous rocks in the outfield. The City recreation department was in charge of getting the softball fields ready for school teams use. The recreation department was not aware that Freedom High School was using the particular field. City personnel thought the high school was using another field, the Ralph Edwards Nursery Field for practices.

Defendant Gober was employed by defendant Board as a mathematics teacher and received compensation for being the assistant coach to the girl's softball team. On 19 March 1990, Coach Gober had the outfield players, including plaintiff, engaged in a drill to practice fielding "grounders." During the drill, Gober stood at the edge of the infield approximately 70 feet from the players and hit hard grounders into the roughly surfaced outfield to be fielded by the players. Defendant Gober hit a ground ball towards plaintiff's position. The ball hit either a clump of grass or a rock and took an erratic hop and hit plaintiff in the face. The force of the ball knocked out one of plaintiff's teeth and loosened another. Plaintiff's injuries will require her to undergo future dental treatment.

In her deposition plaintiff stated that other players had been struck by balls taking erratic hops on the field. Plaintiff also stated that in the past other players had complained to the coach about the dangerousness of the field. The record also indicates that some of the parents of the players may have complained to the principal and to the head coach about the field. When asked if she considered the field to be unsafe before she was hurt, plaintiff responded "yes." Additionally, plaintiff asserted that defendant Gober had remarked that practicing grounders on the rough field gave the players an advantage over other teams during games, because others would not be as familiar with balls taking erratic hops.

## DANIEL v. CITY OF MORGANTON

[125 N.C. App. 47 (1997)]

Through discovery, defendants Board and Gober produced a liability policy which provided coverage to defendants for certain accidents and injuries occurring on school grounds or at school sponsored events. The insurance policy contains an exclusion entitled "Athletic or Sports Participants." The exclusion states, "This insurance does not apply to . . . 'Bodily injury' to any person while practicing for or participating in any sports or athletic contest or exhibition that you sponsor."

Also produced during discovery was a lease agreement between defendant/lessor Board and defendant/lessee City. The lease contains a mutual indemnification provision, whereby the Board and the City agree to indemnify each other. The lease also has a provision requiring the Board and City to each obtain liability insurance and for each to have the other designated as a named insured in their respective policies. The lease provided that the City could use the property for park purposes while the Board could use the same for school activities. Because none of the parties have argued or relied on the lease provisions regarding insurance as a basis for recovery, we need not address the effect of these provisions.

On 19 May 1995 defendant Board and defendant Gober moved for summary judgment. Defendant City moved for summary judgment on 26 October 1995. Both motions were heard on 13 November 1995 and were granted for all defendants. From these judgments plaintiff appeals.

Plaintiff first argues that the trial court erred in granting summary judgment in favor of all defendants as to plaintiff's claims of negligence. Plaintiff's second assignment of error is that all defendants waived governmental immunity. We will address the assignments of error together as to each defendant.

[1] Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). " '[I]ts purpose is to eliminate formal trials where only questions of law are involved.' " *Medlin v. Bass*, 327 N.C. 587, 590, 398 S.E.2d 460, 462 (1990) (quoting *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971)). In ruling on a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party, who is entitled to the benefit of all favorable inferences that

may reasonably be drawn from the facts proffered. *Averitt v. Rozier*, 119 N.C. App. 216, 218, 458 S.E.2d 26, 28 (1995).

In order for plaintiff to recover from defendants for her injuries, plaintiff must show that defendants breached the standard of care owed to her and that the governmental entities waived their immunity. The standard of care of defendants depends upon the status of plaintiff, whether she was an invitee, a licensee or a trespasser. *See Hoots v. Pryor*, 106 N.C. App. 397, 406, 417 S.E.2d 269, 275, *disc. review denied*, 332 N.C. 345, 421 S.E.2d 148 (1992).

## I. The Burke County Board of Education

[2] First, it has already been established that a plaintiff, while participating in team practice is an invitee as to a defendant school board. *Clary v. Alexander Bd. of Education*, 19 N.C. App. 637, 638, 199 S.E.2d 738, 739 (1973), *aff'd*, 285 N.C. 188, 203 S.E.2d 820 (1974), *opinion withdrawn and reversed on other grounds*, 286 N.C. 525, 212 S.E.2d 160 (1975). "An owner of premises owes to an invitee the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to warn the invitee of hidden perils or unsafe conditions that can be ascertained by reasonable inspection and supervision." *Byrd v. Arrowood*, 118 N.C. App. 418, 421, 455 S.E.2d 672, 674 (1995) (citing *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 342 (1992)). However, "a premises owner does not have to warn an invitee of apparent hazards or circumstances of which the invitee has equal or superior knowledge. A reasonable person should be observant to avoid injury from a known and obvious danger." *Farrelly v. Hamilton Square*, 119 N.C. App. 541, 546, 459 S.E.2d 23, 27 (1995) (citing *Roumillat*, 331 N.C. 57, 67, 414 S.E.2d 339, 344).

Plaintiff's deposition shows that she knew of the danger of the rough playing field. Thus, defendant Board did not have a duty to warn plaintiff of the condition of the field, of which she was already aware. Defendant Board did not breach its duty to plaintiff.

[3] As to immunity, a county board of education is a governmental agency, and therefore is not liable in a tort or negligence action except to the extent that it has waived its governmental immunity pursuant to statutory authority. *Beatty v. Charlotte-Mecklenburg Board of Education*, 99 N.C. App. 753, 755, 394 S.E.2d 242, 244 (1990).

Pursuant to N.C. Gen. Stat. § 115C-42 . . . . any local board of education is authorized to waive its governmental immunity from lia-

bility by securing liability insurance as provided for in the statute. The primary purpose of the statute is to encourage local school boards to waive immunity by obtaining insurance protection while, at the same time, giving such boards the discretion to determine whether and to what extent to waive immunity. The statute makes clear that unless the negligence or tort is covered by the insurance policy, sovereign immunity *has not been waived* by the Board or its agents.

*Id.* (emphasis added). In pertinent part N.C. Gen. Stat. § 115C-42 (1994) provides, "immunity shall be deemed to have been waived by the act of obtaining such insurance, but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort."

The meaning of language used in an insurance contract is a question of law for the Court, *Guyther v. Nationwide Mut. Fire Ins. Co.*, 109 N.C. App. 506, 512, 428 S.E.2d 238, 241 (1993), as is the "construction and application of the policy provisions to the undisputed facts." *Walsh v. National Indem. Co.*, 80 N.C. App. 643, 647, 343 S.E.2d 430, 432 (1986). If the language in an exclusionary clause contained in a policy is ambiguous, the clause is "to be strictly construed in favor of coverage." *State Auto. Mut. Ins. Co. v. Hoyle*, 106 N.C. App. 199, 201-02, 415 S.E.2d 764, 765, *disc. review denied*, 331 N.C. 557, 417 S.E.2d 803 (1992). If such an exclusion is plainly expressed, it is to be construed and enforced as expressed. *Id.* at 202, 415 S.E.2d at 765-66.

At the time of plaintiff's injury, the Board had a liability policy, which provided coverage to the Board and its employees for negligent acts causing injuries on school grounds and at school sponsored events. This policy contains the following exclusion, "Exclusion—Athletic or Sports Participants. . . . With respect to any operations shown in the Schedule, this insurance does not apply to 'bodily injury' to any person while practicing for or participating in any sports or athletic contest or exhibition that you sponsor." We hold that the policy in this case is clear and unambiguous and interpret the policy as written and according to its plain meaning. *Barbee v. Hartford Mutual Insurance Co.*, 330 N.C. 100, 408 S.E.2d 840 (1991). The plain language of the insurance policy excludes liability for injuries to athletic or sports participants. Plaintiff was engaged in an athletic event and was a sports participant at the time of her injury. While defendant Board has waived its immunity to the extent that it

is indemnified by insurance for its torts, it is not entitled to indemnification for plaintiff's softball injuries. Defendant Board has established the complete defense of governmental immunity, and plaintiff has failed to establish an actionable claim of negligence. The trial court correctly granted summary judgment in the Board's favor.

## II. Deborah Gober

[4] As a full-time mathematics teacher and assistant softball coach, defendant Gober had "a duty to abide by that standard of care 'which a person of ordinary prudence, charged with his duties, would exercise under the same circumstances.' " *Izard v. Hickory City Schools Bd. of Education*, 68 N.C. App. 625, 626-27, 315 S.E.2d 756, 757 (1984) (citation omitted). In the present case, we believe defendant Gober breached her duty owed to plaintiff by holding practice on the rough field and advising students that it would improve their game if they practiced on the rough field. A person of ordinary prudence would not have conducted softball practice on the instant playing field. Thus, Gober was negligent. However, "[t]he rule with respect to acting in obedience to the orders of a person in authority *requires that such orders be disregarded when a reasonable man under similar circumstances would know that his compliance with such orders would result in his injury.*" *Clary*, 19 N.C. App. at 640, 199 S.E.2d at 740 (citing *Swaney v. Peden Steel Co.*, 259 N.C. 531, 131 S.E.2d 601 (1963); *Johnson v. R.R.*, 130 N.C. 488, 41 S.E. 794 (1902); *Lambeth v. R.R.*, 66 N.C. 495 (1872). Thus, even though defendant Gober negligently conducted softball practice on the instant field, plaintiff's own negligence bars her recovery.

In *Clary v. Bd. of Education*, 286 N.C. 525, 212 S.E.2d 160 (1975), plaintiff was a student who was injured when he ran into a large glass window at the end of the basketball court, while running wind sprints. *Id.* at 532, 212 S.E.2d 160, 165. Evidence showed that he had practiced under similar circumstances during previous school years as well as early weeks of the particular season in which he was injured. *Id.* Evidence also showed that other students had collided with the glass windows before and the glass in the transom had cracked when struck by a basketball. *Id.* at 532-33, 212 S.E.2d at 165. The evidence was sufficient to permit finding that negligence on the part of plaintiff contributed to his injuries, but did not compel such a finding. *Id.* at 533, 212 S.E.2d at 165. This was so because "[t]here was no evidence [plaintiff] had knowledge or notice of the composition of the wire glass, or its relative strength, or any special hazard to a per-

son who might collide with it with sufficient force to break it." *Id.* The facts in the instant case are distinguishable. The record is replete with evidence from plaintiff that she knew of and appreciated the danger of the field. Plaintiff's own statements in her deposition showed the following. Plaintiff knew that other players had been hit by balls taking erratic hops on the field. She knew that if she practiced on the field she too could be hit. In fact, she considered the field unsafe before her injury occurred. The trial court properly granted summary judgment in favor of defendant Gober.

**[5]** Defendants Gober and Board argue that as a schoolteacher Gober has governmental immunity from liability for acts of negligence. However, defendant Gober is an employee and not an officer and is therefore not entitled to governmental immunity as her duties are purely ministerial and do not, in the instant case, involve the exercise of sovereign power. *Hare v. Butler*, 99 N.C. App. 693, 700, 394 S.E.2d 231, 236, *disc. review denied*, 327 N.C. 634, 399 S.E.2d 121 (1990).

> "[A]n employee of a governmental agency . . . is personally liable for his negligence in the performance of his duties proximately causing injury to the property [or person] of another even though his employer is clothed with immunity and not liable on the principle of *respondeat superior*."

> An officer, on the other hand, is entitled to share in the immunity of the sovereign, and to assert the separate defense of official immunity where applicable.

*Pharr v. Worley*, 125 N.C. App. 136, 479 S.E.2d 32 (1997) (citations and parentheticals omitted). As a schoolteacher, defendant Gober is not immune from acts of negligence. She can be held personally liable for negligent acts in the performance of her duties. However, as we have already discussed, we hold that while defendant Gober was negligent, plaintiff's negligence bars recovery against defendant Gober.

### III. The City of Morganton

**[6]** A licensee is one who enters the premises with the possessor's permission, express or implied, solely for his or her own purposes rather than for the possessor's benefit. *Hoots*, 106 N.C. App. at 406, 417 S.E.2d at 275. If the owner (in this case the lessee), is actively negligent in managing the property while the licensee *is exercising due care on the premises and subjects the licensee to increased danger,* the owner will be liable for injuries sustained as a result of such

active conduct or affirmative negligence. *DeHaven v. Hoskins*, 95 N.C. App. 397, 400, 382 S.E.2d 856, 858, *disc. review denied*, 325 N.C. 705, 388 S.E.2d 452 (1989).

The property owner (lessee) has no duty, however, to keep the premises safe for the licensee's use, protect her from injuries caused by the condition of the property, or protect her from damages caused by ordinary use of the premises. *Pafford v. J.A. Jones Construction Co.*, 217 N.C. 730, 736, 9 S.E.2d 408, 412 (1940). The general rule is that a landowner (lessee) is not liable for injuries due to the condition of the property or due to passive negligence or acts of omission. *DeHaven*, 95 N.C. App. at 400, 382 S.E.2d at 858. A licensee enters the premises by permission but goes there at her own risk to enjoy the license subject to its accompanying perils. *Pafford*, 217 N.C. at 737, 9 S.E.2d at 412.

In this case, plaintiff was a licensee as to defendant City. She was at Freedom Park, property leased and maintained by the City. Plaintiff was at the park not for a park purpose, but rather she was there to practice softball as a part of the Board's operation of the school system. The forecast of evidence shows that the City was not even aware that the Board was using the softball field. In fact, City personnel thought the Board was using another field. Plaintiff's complaint only sounds in negligence and does not allege that the City did any positive act causing the softball to take an erratic hop and injure her. The most that can be said is that plaintiff claims the City, by negligently maintaining the park, allowed the rough playing field to remain. Any danger posed by the rough playing field was open and obvious, so no duty to warn of a newly hidden hazard arose regarding the rough surface. Furthermore, in plaintiff's deposition plaintiff was asked if she knew what the ball hit to cause it to take an erratic hop. She replied, "it was probably a clump of grass or it could have been a rock. I don't remember." Softball is an outdoor game and erratic hops of the ball are a common hazard. Plaintiff has failed to make out a claim for actionable negligence. Even if plaintiff had a claim for actionable negligence against the City, that claim would also be barred by plaintiff's own negligence as hereinbefore stated.

As to immunity, the general rule is that the doctrine of governmental immunity shields a municipality from liability when the municipality performs a governmental function. *Hickman v. Fuqua*, 108 N.C. App. 80, 82-83, 422 S.E.2d 449, 451, *disc. review denied*, 333 N.C. 462, 427 S.E.2d 621 (1993). "The creation and operation of public parks and recreation programs are legitimate and traditional func-

tions of the government." *Id.* at 84, 422 S.E.2d at 452. However, pursuant to N.C. Gen. Stat. § 160A-485(a) (1994) (emphasis added), a city or town can waive immunity through the purchase of insurance.

(a) Any city is authorized to waive its immunity from civil liability in tort by the act of purchasing liability insurance. Participation in a local government risk pool pursuant to Article 23 of General Statute Chapter 58 shall be deemed to be the purchase of insurance for the purposes of this section. *Immunity shall be waived only to the extent that the city is indemnified by the insurance contract from tort liability.*

In this case, defendant City participated in a government risk pool, which waived governmental immunity to the extent of coverage. The record before us however does not indicate the extent of coverage. Thus, we are unable to ascertain the extent, if any, that this claim is barred by immunity. However, the forecast of evidence does not support a claim of negligence against the City for the reason that plaintiff's own negligence would bar recovery from the City. The trial court correctly granted summary judgment in favor of defendant City.

Affirmed.

Judges LEWIS and WALKER concur.