MICHAEL W. PATRICK, GUARDIAN AD LITEM AND GUARDIAN OF THE ESTATE OF J.D., MINOR CHILD, Plaintiff v. WAKE COUNTY DEPARTMENT OF HUMAN SERVICES, a North Carolina Agency; MARIA SPAULDING, In Her Official Capacity as Director of Wake County Department of Human Services; JOHN WEBSTER, In His Capacity as Child Protective Services Supervisor for Wake County Department of Human Services; V. ANDERSON KING, In Her Capacity as Child Protective Services Supervisor for Wake County Department of Human Services; Defendants

No. COA07-824

(Filed 5 February 2008)

**Immunity— sovereign—insurance policy exclusions—negligence and emotional distress**

Summary judgment was properly granted for defendant county department of human services based on sovereign immunity in a negligence and emotional distress action arising from defendant's alleged failure to investigate reports of sexual abuse of a child. Defendants' insurance policy excluded claims for negligence and negligent infliction of emotional distress and so did not waive immunity.

Appeal by plaintiff from order entered 23 March 2007 by Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 10 January 2008.

*Holtkamp Law Firm, by Lynne M. Holtkamp, plaintiff-appellant.*

*Wake County Attorney's Office, by Scott W. Warren and Corinne G. Russell, for defendants-appellees.*

TYSON, Judge.

J.D., through her Guardian *ad litem* Michael Patrick ("plaintiff"), appeals the trial court's order granting Wake County Department of Human Services, Maria Spaulding, John Webster, and V. Anderson King's (collectively "defendants") motion for summary judgment and denying plaintiff's motion to compel discovery. We affirm.

## I. Background

On 23 August 2001, a physician reported a case of suspected child abuse to defendants regarding J.D., a twelve year old girl, by James McDaniel Webb ("Webb"). The physician stated to defendants that

PATRICK v. WAKE CTY. DEP'T OF HUMAN SERVS.

[188 N.C. App. 592 (2008)]

Webb had contacted his office to inquire about a possible castration because he was having inappropriate sexual thoughts about J.D. The physician gave defendants J.D.'s name and Webb's name, address, and telephone number.

On 24 August 2001, defendants opened an investigation regarding the 23 August report. On 26 August 2001, a caseworker conducted a home visit and interviewed Webb and J.D. During the home visit, Webb stated to the caseworker that he was single and in the process of adopting J.D.

On 28 August 2001, a second physician contacted defendants concerning J.D. Plaintiff alleged the second physician told defendants that Webb became upset when the physician conducted a full physical examination of J.D. and Webb stated to the physician that J.D. had a history of reporting sexual abuse. Defendants denied they were given Webb's name in the second report. In January 2002, the investigation was closed as unsubstantiated. From November 2001 to January 2003, Webb repeatedly sexually assaulted J.D. In January 2003, Webb was arrested and charged with numerous counts of sexual assault.

On 25 August 2006, plaintiff filed a complaint against defendants alleging negligence, institutional negligence, and negligent infliction of emotional distress. Plaintiff alleged defendants had failed to properly and thoroughly investigate two separate and independent reports of suspected child abuse of J.D. by Webb.

On 17 October 2006, defendants filed their answer and asserted as their fifth defense: "[a]ll claims of Plaintiff against all Defendants are barred by sovereign immunity as there has been no waiver of immunity by the purchase of insurance." Defendants also filed and served a motion asserting entitlement to summary judgment on the basis of sovereign immunity. Additionally, defendants filed and served a motion for protective order and objection to discovery until final disposition of their motion for summary judgment. Subsequently, plaintiff filed a motion to compel discovery responses and gave notice of deposition.

On 23 March 2007, the trial court entered an order: (1) granting defendants' motion for summary judgment; (2) granting defendants' motion for protective order; and (3) denying plaintiff's motion to compel. Plaintiff appeals.

PATRICK v. WAKE CTY. DEP'T OF HUMAN SERVS.

[188 N.C. App. 592 (2008)]

## II.  Issues

Plaintiff argues the trial court erred by: (1) granting defendants' motion for summary judgment on the ground of sovereign immunity and (2) denying plaintiff's motion to compel discovery and to continue the summary judgment hearing.

## III.  Motion to Dismiss

Defendants moved to dismiss plaintiff's appeal for failure to comply with the provisions of Rules 28 and 41 of the North Carolina Rules of Appellate Procedure. Plaintiff subsequently obtained leave to file and filed an amended brief which corrected the prior rule violations. In our discretion, we decline to dismiss plaintiff's appeal and review the merits of the case.

## IV.  Summary Judgment and Motion to Compel

Plaintiff argues the trial court erred by granting defendants' motion for summary judgment. We disagree.

## A.  Standards of Review

### 1.  Summary Judgment

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. The party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact.

A defendant may show entitlement to summary judgment by (1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense. Summary judgment is not appropriate where matters of credibility and determining the weight of the evidence exist.

Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial.

We review an order allowing summary judgment *de novo*. If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal.

*Wilkins v. Safran*, 185 N.C. App. 668, 672, 649 S.E.2d 658, 661 (2007) (internal citations and quotations omitted).

## 2.  Motion to Compel

"Whether or not the party's motion to compel discovery should be granted or denied is within the trial court's sound discretion and will not be reversed absent an abuse of discretion." *Wagoner v. Elkin City Schools' Bd. of Education*, 113 N.C. App. 579, 585, 440 S.E.2d 119, 123, *disc. rev. denied*, 336 N.C. 615, 447 S.E.2d 414 (1994). A trial court's actions constitute an abuse of discretion "upon a showing that a court's actions 'are manifestly unsupported by reason' " and " 'so arbitrary that [they] could not have been the result of a reasoned decision.' " *State v. T.D.R.*, 347 N.C. 489, 503, 495 S.E.2d 700, 708 (1998) (quoting *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 832 (1985)).

## B.  Sovereign Immunity

Plaintiff argues defendants' purchase of liability coverage partially waived its sovereign immunity and the trial court erred by granting defendants' motion for summary judgment based on this defense. We disagree.

"Sovereign immunity bars claims brought against the state or its counties, where the entity sued is being sued for the performance of a governmental, rather than a proprietary, function." *Doe v. Jenkins*, 144 N.C. App. 131, 134, 547 S.E.2d 124, 126 (2001) (internal citation and quotation omitted), *disc. rev. denied*, 355 N.C. 284, 560 S.E.2d 799 (2002). This Court has established that "[i]nvestigations by a social service agency of allegations of child sexual abuse are in the nature of governmental functions . . . . Thus a county normally would be immune from liability for injuries caused by negligent social services employees working in the course of their duties." *Hare v. Butler*, 99 N.C. App. 693, 699, 394 S.E.2d 231, 235, *disc. rev. denied*, 327 N.C. 634, 399 S.E.2d 121 (1990).

Sovereign immunity may be waived by the purchase of liability insurance. *See* N.C. Gen. Stat. § 153A-435 (2005) ("Purchase of insurance pursuant to this subsection waives the county's governmental immunity, to the extent of insurance coverage, for any act or omis-

sion occurring in the exercise of a governmental function."). A governmental entity does not waive sovereign immunity if the action brought against them is excluded from coverage under their insurance policy. *See Norton v. SMC Bldg. Inc.*, 156 N.C. App. 564, 577 S.E.2d 310 (2003) (holding the purchase of liability insurance does not waive sovereign immunity because the exclusion in the policy excludes coverage for plaintiff's claim); *Doe*, 144 N.C. App. at 135, 547 S.E.2d at 127 ("[B]ecause the insurance policy does not indemnify defendant against the negligent acts alleged in plaintiff's complaint, defendant has not waived its sovereign immunity . . . ."). Further, "[w]aiver of sovereign immunity may not be lightly inferred and State statutes waiving this immunity, being in derogation of the sovereign right to immunity, must be strictly construed." *Guthrie v. N.C. State Ports Authority*, 307 N.C. 522, 537-38, 299 S.E.2d 618, 627 (1983).

Here, defendants acknowledge the purchase of liability insurance, but argue the policy excludes any coverage for plaintiff's claim of negligence and negligent infliction of emotional distress. Defendants' liability insurance policy includes a provision titled "Governmental Immunity Endorsement." This provision states:

> This policy is not intended by the insured to waive its governmental immunity as allowed by North Carolina General Statutes Sec. 153A-435. Accordingly, subject to this policy and the Limits of Liability shown on the Declarations, *this policy provides coverage only for occurrences or wrongful acts for which the defense of governmental immunity is clearly not applicable* or for which, after the defenses is asserted, a court of competent jurisdiction determines the defense of governmental immunity not to be applicable.

(Emphasis supplied).

## C. Construing Insurance Policies

Plaintiff argues the language of the endorsement does not expressly and unambiguously exclude or limit coverage. We disagree.

"Our courts have long followed the traditional rules of contract construction when interpreting insurance policies." *Dawes v. Nash County*, 357 N.C. 442, 448, 584 S.E.2d 760, 764 (2003) (citation omitted). "If the language in an exclusionary clause contained in a policy is ambiguous, the clause is 'to be strictly construed in favor of coverage.'" *Daniel v. City of Morganton*, 125 N.C. App. 47, 53, 479 S.E.2d 263, 267 (1997) (quoting *State Auto. Mut. Ins. Co. v. Hoyle*, 106 N.C.

App. 199, 201-02, 415 S.E.2d 764, 765, *disc. rev. denied*, 331 N.C. 557, 417 S.E.2d 803 (1992)). "If the meaning of the policy is clear and only one reasonable interpretation exists, the courts must enforce the contract as written; they may not, under the guise of construing an ambiguous term, rewrite the contract or impose liabilities on the parties not bargained for and found therein." *Dawes*, 357 N.C. at 449, 584 S.E.2d at 764 (citation and quotation omitted).

Here, defendants' insurance policy unambiguously states, "this policy provides coverage only for occurrences or wrongful acts for which the defense of governmental immunity is clearly not applicable . . . ." A county is immune from liability for injuries caused by negligent social services employees working in the course of their duties absent a waiver of that immunity. *Hare*, 99 N.C. App. at 699, 394 S.E.2d at 235. Furthermore, "an action against government personnel in their official capacities is one against the State for the purpose of applying the doctrine of sovereign immunity." *Id.* at 701, 394 S.E.2d at 237 (citation omitted). Defendants' insurance policy excludes coverage for plaintiff's action for negligence and negligent infliction of emotional distress. Defendants did not waive sovereign immunity through the purchase of this policy and properly asserted this affirmative defense in their answer. The defense of sovereign immunity clearly applies to bar plaintiff's claims. The trial court properly granted defendants' motion for summary judgment. This assignment of error is overruled.

## D. Motion to Compel Discovery

Plaintiff argues the trial court erred by denying its motion to compel discovery and to continue the summary judgment hearing. We disagree.

"Ordinarily it is error for a court to hear and rule on a motion for summary judgment when discovery procedures, which might lead to the production of evidence relevant to the motion, are still pending and the party seeking discovery has not been dilatory in doing so." *Conover v. Newton*, 297 N.C. 506, 512, 256 S.E.2d 216, 220 (1979). However, "[a] trial court is not barred in every case from granting summary judgment before discovery is completed." *N.C. Council of Churches v. State of North Carolina*, 120 N.C. App. 84, 92, 461 S.E.2d 354, 360 (1995), *aff'd*, 343 N.C. 117, 468 S.E.2d 58 (1996).

Because we affirm the trial court's order granting defendant's motion for summary judgment based on sovereign immunity, it is

unnecessary to address plaintiff's assertion that the trial court erred by denying plaintiff's motion to compel discovery.

## V.  Conclusion

Defendants did not waive the asserted affirmative defense of sovereign immunity. Plaintiff's claims of negligence and negligent infliction of emotional distress brought against defendants are excluded from coverage under their insurance policy. The trial court properly granted defendants' motion for summary judgment.

In light of our decision, it is unnecessary to examine plaintiff's remaining assignment of error regarding the trial court's denial of its motion to compel discovery. The trial court's order is affirmed.

Although this Court holds that plaintiff *is legally* barred from asserting this action against defendants based on sovereign immunity, we express grave concern over defendants' alleged lack of investigation into and monitoring of independent reports by two medical doctors occurring within days of each other alleging sexual abuse against a child. Allowing a minor child to remain in the unsubstantiated custody of a single adult, who had no known relationship to the child and who was an alleged convicted felon, in light of such reports is an egregious failure to act in the best interest of the child.

Affirmed.

Judges JACKSON· and ARROWOOD concur.