ESTATE OF EARLEY v. HAYWOOD CNTY. DEP'T OF SOC. SERVS.

[204 N.C. App. 338 (2010)]

*McCullough v. Branch Banking & Trust Co., Inc.*, 136 N.C. App. 340, 350, 524 S.E.2d 569, 575-76 (2000) (emphasis added and citing *Construction Co. v. McDaniel*, 40 N.C. App. 605, 607, 253 S.E.2d 359, 360 (1979)). For this reason, it is imperative that a party filing a motion for change of venue clearly state the legal basis of the motion and file the motion in a timely manner as appropriate for the type of motion; in ruling on the motion, the trial court should also clearly identify the legal basis for its order allowing or denying a motion for change of venue.

### III. Conclusion

For the reasons stated above, we reverse the order of the trial court allowing the change of venue and remand to the Superior Court of Durham County for further proceedings consistent with this opinion.

REVERSE AND REMAND.

Judges STEPHENS and BEASLEY concur.

———————

THE ESTATE OF ADRIANNA LYNN EARLEY, BY AND THROUGH HER ADMINISTRATOR, JOEY L. EARLEY, PLAINTIFF v. HAYWOOD COUNTY DEPARTMENT OF SOCIAL SERVICES AND TONY BEAMAN, DIRECTOR, DEFENDANTS

No. COA09-1558

(Filed 1 June 2010)

**Immunity— governmental—insurance exclusion**

Summary judgment should have been granted for defendant in a wrongful death action against a social services agency and its director where the unambiguous language of the insurance contract states that it provides no coverage as to claims for which the covered person is protected by sovereign immunity.

Appeal by Defendant from order entered 13 August 2009 by Judge Bradley B. Letts in Superior Court, Haywood County. Heard in the Court of Appeals 11 May 2010.

*Melrose, Seago & Lay, P.A., by Randal Seago, for plaintiff appellee.*

*Womble Carlyle Sandridge & Rice, PLLC, by James R. Morgan, Jr., and Christopher J. Geis, for defendant appellant.*

ESTATE OF EARLEY v. HAYWOOD CNTY. DEP'T OF SOC. SERVS.

[204 N.C. App. 338 (2010)]

WYNN, Judge.

"Summary judgment is appropriate whenever the movant establishes a complete defense to the [plaintiff's] claim."[1] Here, Defendant presented evidence showing that the doctrine of governmental immunity provided a complete defense against Plaintiff's claim. As such, we reverse the order of the trial court and remand for the entry of summary judgment in Defendant's favor.

On 4 November 2006, Adrianna Earley died as a result of ingesting prescription pills belonging to her mother, Heather Lacey. On 28 December 2007, Plaintiff, Adrianna's father and the administrator of her estate, filed suit against Haywood County Department of Social Services ("DSS") and Tony Beaman in his official capacity[2] as the director of DSS. Plaintiff alleged that Defendants were liable for the wrongful death of Adrianna because DSS failed to take necessary measures to protect Adrianna from the danger of living with her mother. Plaintiff specifically contended that DSS knew or should have known through prior investigation that Lacey's misuse of drugs posed a safety risk to Adrianna and that DSS was negligent in failing to remove Adrianna from her mother's custody.

On 1 February 2008, Defendants filed an answer asserting several affirmative defenses, including the defense of governmental immunity. On 9 April 2009, both Defendants filed a motion for summary judgment asserting, *inter alia*, their entitlement to sovereign and/or governmental immunity. The trial court denied this motion as to Beaman[3] on 13 August 2009 and Beaman filed a timely notice of appeal.

Defendant argues on appeal that the trial court erred by denying his motion for summary judgment. Preliminarily, we note that the denial of a motion for summary judgment is an interlocutory order which is not ordinarily appealable. *See Hallman v. Charlotte-*

---

1. *Overcash v. Statesville City Bd. of Educ.*, 83 N.C. App. 21, 26, 348 S.E.2d 524, 528 (1986) (affirming summary judgment on grounds of governmental immunity).

2. The complaint does not clarify whether Beaman was sued in his official or individual capacity and contains no reference to a suit against Beaman in his individual capacity, so it is presumed that he was sued only in his official capacity. *See Warren v. Guilford County*, 129 N.C. App. 836, 839, 500 S.E.2d 470, 472, *disc. review denied*, 349 N.C. 241, 516 S.E.2d 610 (1998). Furthermore, Plaintiff concedes that Beaman was sued in his official capacity.

3. The trial court initially denied the motion as to DSS without prejudice. However, when DSS filed a renewed motion for summary judgment on 17 August 2009, the trial court granted the motion in an order filed 8 September 2009.

*Mecklenburg Bd. of Educ.*, 124 N.C. App. 435, 437, 477 S.E.2d 179, 180 (1996). "If, however, 'the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review[,]' we may review the appeal under N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1)." *McCallum v. N.C. Coop. Extension Serv.*, 142 N.C. App. 48, 50, 542 S.E.2d 227, 230-31, *appeal dismissed and disc. review denied*, 353 N.C. 452, 548 S.E.2d 527 (2001) (quoting *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995)). We have " 'repeatedly held that appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review.' " *Hines v. Yates*, 171 N.C. App. 150, 156, 614 S.E.2d 385, 389 (2005) (quoting *Price v. Davis*, 132 N.C. App. 556, 558-59, 512 S.E.2d 783, 785 (1999)). Thus, Defendant's appeal is properly before this court.

On appeal, this Court reviews *de novo* an order denying summary judgment. *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007). "Summary judgment is appropriate whenever the movant establishes a complete defense to the [plaintiff's] claim." *Overcash*, 83 N.C. App. at 26, 348 S.E.2d at 528 (affirming summary judgment on grounds of governmental immunity).

Defendant argues that the doctrine of governmental immunity establishes a complete defense to Plaintiff's wrongful death claim. "Governmental immunity shields municipalities and the officers or employees thereof sued in their official capacities from suits based on torts committed while performing a governmental function." *Kephart v. Pendergraph*, 131 N.C. App. 559, 563, 507 S.E.2d 915, 918 (1998). This Court has held that when a social service agency is performing investigations into allegations of child abuse, it is performing a governmental function. *Hare v. Butler*, 99 N.C. App. 693, 699, 394 S.E.2d 231, 235, *disc. review denied*, 327 N.C. 634, 399 S.E.2d 121 (1990); *see also Whitaker v. Clark*, 109 N.C. App. 379, 381, 427 S.E.2d 142, 143, *disc. review denied*, 333 N.C. 795, 431 S.E.2d 31 (1993) ("Services provided by local Departments of Social Services are governmental functions to which governmental immunity applies."). "Thus a county [and its officers] normally would be immune from liability for injuries caused by negligent social services employees working in the course of their duties." *Hare*, 99 N.C. App. at 699, 394 S.E.2d at 235.

However, a county can waive governmental immunity through the purchase of liability insurance or participation in a local government risk pool. N.C. Gen. Stat. § 153A-435(a) (2009). The statute states in part:

Purchase of insurance pursuant to this subsection waives the county's governmental immunity, *to the extent of insurance coverage*, for any act or omission occurring in the exercise of a governmental function. Participation in a local government risk pool pursuant to Article 23 of General Statute Chapter 58 shall be deemed to be the purchase of insurance for the purposes of this section.

*Id.* (emphasis added). "Thus, a municipality may waive its governmental immunity for civil liability in tort for negligent or intentional damage by purchasing liability insurance, but only to the extent of the insurance coverage." *Dickens v. Thorne*, 110 N.C. App. 39, 43, 429 S.E.2d 176, 179 (1993) (citation omitted). Because Defendant seeks summary judgment, he must "show that no genuine issue of material fact exists that the policy does not cover [the actions of Defendant] in the instant case." *McCoy v. Coker*, 174 N.C. App. 311, 313-14, 620 S.E.2d 691, 693 (2005) (emphasis omitted).

Defendant attached to the motion for summary judgment the affidavit of David B. Cotton, the County Manager for Haywood County, which states that during the relevant time period the only insurance coverage for Haywood County was provided through the County's participation in the North Carolina Counties Liability and Property Pool Insurance Fund. Attached to the affidavit was a copy of the insurance contract. Plaintiff notes that under the section denoted "Public Officials Liability Coverage" the insurance contract states:

The Pool will pay on behalf of the Covered Person[4] all sums which the Covered Person shall become legally obligated to pay as money damages for a Wrongful Act[5] occurring while a Covered Person is acting within the course and scope of his/her duties, during the coverage period shown on the Contract Declarations.

This section of the insurance policy provides coverage for the negligence or breach of duty by a public official acting within the scope of his/her professional duties. When read alone, this general section

---

4. "Covered Person" is defined in the policy to include "[a] person who is a lawfully elected or appointed official of the [county] while acting under the jurisdiction of the [county] or within the course and scope of his authority or apparent authority, express or implied, but only with respect to his/her liability while acting within the course and scope of his/her authority[.]" The parties agree that Defendant Beaman was a "Covered Person" for purposes of the insurance contract.

5. "Wrongful Act" is defined by the policy as "any . . . act or omission or neglect or breach of duty . . . by a Covered Person while acting within the scope of his/her professional duties or Pool approved activities."

ESTATE OF EARLEY v. HAYWOOD CNTY. DEP'T OF SOC. SERVS.

[204 N.C. App. 338 (2010)]

would allow us to conclude that because Haywood County purchased the coverage, it waived governmental immunity from the instant wrongful death action.

However, the insurance contract further states specifically, in a section denoted "Exclusions," that coverage is not provided for "[a]ny claim, demand, or cause of action against any Covered Person as to which the Covered Person is entitled to sovereign immunity or governmental immunity under North Carolina Law." Additionally, the policy contains a specific provision that sets forth the intentions of the parties not to waive entitlement to sovereign immunity:

> The parties to this Contract intend for no coverage to exist under Section V (Public Officials Liability Coverage) as to any claim for which the Covered Person is protected by sovereign immunity and/or governmental immunity under North Carolina law. It is the express intention of the parties to this Contract that none of the coverage set out herein be construed as waiving in any respect the entitlement of the Covered Person to sovereign immunity and/or governmental immunity.

"Our courts have long followed the traditional rules of contract construction when interpreting insurance policies." *Dawes v. Nash Cty.*, 357 N.C. 442, 448, 584 S.E.2d 760, 764, *reh'g denied*, 357 N.C. 511, 587 S.E.2d 417-18 (2003) (citations omitted). "If the language in an exclusionary clause contained in a policy is ambiguous, the clause is 'to be strictly construed in favor of coverage.' " *Daniel v. City of Morganton*, 125 N.C. App. 47, 53, 479 S.E.2d 263, 267 (1997) (quoting *State Auto. Mut. Ins. Co. v. Hoyle*, 106 N.C. App. 199, 201-02, 415 S.E.2d 764, 765, *disc. rev. denied*, 331 N.C. 557, 417 S.E.2d 803 (1992)). However, " '[i]f the meaning of the policy is clear and only one reasonable interpretation exists, the courts must enforce the contract as written; they may not, under the guise of construing an ambiguous term, rewrite the contract or impose liabilities on the parties not bargained for and found therein.' " *Dawes*, 357 N.C. at 449, 584 S.E.2d at 764 (quoting *Woods v. Nationwide Mut. Ins. Co.*, 295 N.C. 500, 506, 246 S.E.2d 773, 777 (1978)).

In the instant case, the unambiguous language of the insurance contract states that it provides "no coverage . . . as to any claim for which the Covered Person is protected by sovereign immunity and/or governmental immunity under North Carolina law." "A county is immune from liability for injuries caused by negligent social services employees working in the course of their duties absent a waiver of

that immunity." *Patrick v. Wake Cty. Dep't of Human Servs.*, 188 N.C. App. 592, 597, 655 S.E.2d 920, 924 (2008) (citation omitted). As such, the insurance policy excludes coverage for claims such as that asserted by Plaintiff. Accordingly, Defendant did not waive governmental immunity from Plaintiff's claim through the purchase of the insurance policy.

Nonetheless, Plaintiff urges us to interpret Defendant's insurance contract as not waiving governmental immunity so as not to contradict the "the policy of our Courts." However, this Court previously construed similar insurance contract provisions as not establishing a waiver of governmental immunity. For example, in *Patrick*, this Court considered the following provision in an insurance contract:

> This policy is not intended by the insured to waive its governmental immunity as allowed by North Carolina General Statutes Sec. 153A-435. Accordingly, subject to this policy and the Limits of Liability shown on the Declarations, this policy provides coverage only for occurrences or wrongful acts for which the defense of governmental immunity is clearly not applicable or for which, after the defenses [sic] is asserted, a court of competent jurisdiction determines the defense of governmental immunity not to be applicable.

*Id.* at 596, 655 S.E.2d at 923 (emphasis omitted). The Court determined that defendants, whose alleged negligence was at issue, had not waived sovereign immunity through the purchase of this policy and affirmed the trial court's grant of summary judgment, stating that the defense of sovereign immunity barred plaintiff's claims. *Id.* at 597, 655 S.E.2d at 924.

We acknowledge the arguably circular nature of the logic employed in *Patrick*. The facts are that the legislature explicitly provided that governmental immunity is waived to the extent of insurance coverage, but the subject insurance contract eliminates any potential waiver by excluding from coverage claims that would be barred by sovereign immunity. Thus, the logic in *Patrick* boils down to: Defendant retains immunity because the policy doesn't cover his actions and the policy doesn't cover his actions because he explicitly retains immunity. Nonetheless in this case, as in *Patrick*, where the language of both the applicable statute and the exclusion clause in the insurance contract are clear, we must decline Plaintiff's invitation to implement "policy" in this matter. Any such policy implementation is best left to the wisdom of our legislature.

In sum, despite Plaintiff's argument to the contrary, because governmental immunity provided Defendant with a complete defense to Plaintiff's claims, his motion for summary judgment should have been granted. Accordingly, we reverse and remand for the entry of summary judgment in Defendant's favor.

Reversed and Remanded.

Judges CALABRIA and STEELMAN concur.