TYSON, Judge.
 

 *461
 

 *414
 
 This case returns to this Court upon remand by the opinion of our Supreme Court. As stated in the Supreme Court's opinion:
 

 Because the Court of Appeals determined that defendant was not entitled to governmental immunity, it did not address whether the trial court correctly ruled that defendant did not waive governmental immunity by purchasing liability insurance. We remand this case to the Court of Appeals to address that issue.
 

 Meinck
 
 , --- N.C. at ----, 819 S.E.2d at 367. Pursuant to the Supreme Court's instructions, we review whether the City of Gastonia (the "City" or
 
 *415
 
 "Defendant") waived governmental immunity by the purchase of insurance. We reverse the trial court's ruling and remand for further proceedings.
 

 I.
 
 Background
 

 The facts underlying this case are set forth in detail in our previous opinion and the Supreme Court's subsequent opinion.
 
 Meinck v. City of Gastonia
 
 , --- N.C. App. ----,
 
 798 S.E.2d 417
 
 (2017),
 
 rev'd in part, disc. review improvidently allowed in part, and remanded
 
 , --- N.C. ----,
 
 819 S.E.2d 353
 
 (2018). We briefly summarize below.
 

 The City is a local body politic, chartered as a public municipal corporation by the General Assembly in 1877. Public Laws 1876-77, c. 52, § 1. The City and surrounding Gaston County are named for the Honorable William Joseph Gaston, a former Justice of the Supreme Court of North Carolina, who also served as a United States Congressman. Justice Gaston is also the author of the official North Carolina state song: "The Old North State". Public Laws, 1927, c. 26;
 
 N.C. Gen. Stat. § 149-1
 
 (2017).
 

 The City acquired and owns an historic commercial building located at 212 West Main Avenue in Gastonia. In 2013, Defendant leased the building to the Gaston County Art Guild ("the Art Guild"), which is a private not-for-profit entity. As owner, Defendant remained responsible under the lease for maintaining the exterior of the premises and the right to inspect the building at any time.
 

 The Art Guild utilized and subleased the building to attract artists' studios, and for use as an art gallery and gift shop. The lease agreement provided the Art Guild was empowered to sublease portions of the building to subtenants to use as art studios. Joan Meinck ("Plaintiff") was one such artist and a subtenant.
 

 On 11 December 2013, Plaintiff was leaving through the rear exterior exit of the subject building while carrying several large picture. She lost her balance while on a set of steps and fell. As a result of her fall, Plaintiff suffered a broken hip, required hospitalization, and incurred medical expenses. Portions of the cement on the steps had allegedly cracked and eroded. The large pictures she was carrying may have prevented her from seeing where she was stepping.
 

 On 4 February 2015, Plaintiff filed a complaint alleging Defendant had negligently failed to maintain the exit stairs of the building or to warn her of the dangerous condition of the steps and stairs. Plaintiff's complaint alleged Defendant had waived governmental immunity by purchasing liability insurance and also alleged Defendant's tortious conduct,
 
 *416
 
 while Defendant was engaged in a proprietary function, rather than a governmental function, deprived Defendant of governmental immunity.
 

 On 12 January 2016, Defendant filed a motion for summary judgment asserting that the City was entitled to governmental immunity, that Defendant was not negligent as a matter of law, and that Plaintiff was contributorily negligent as a matter of law. The trial court determined that Defendant's liability insurance policy "contained an express non-waiver provision" and that Defendant had
 
 *462
 
 not waived governmental immunity. The trial court also determined Defendant was engaged in a governmental function, was entitled to governmental immunity, and granted summary judgment to Defendant on that basis. Plaintiff appealed to this Court.
 

 In this Court's unanimous prior opinion, we held Defendant was engaged in a proprietary function and, as such, was not entitled to governmental immunity.
 
 Meinck
 
 , --- N.C. App. at ----,
 
 798 S.E.2d at 424
 
 . We also held Defendant was not entitled to summary judgment on the issue of Plaintiff's contributory negligence.
 

 Id.
 

 Because we concluded Defendant was engaged in a proprietary function, we did not further address Plaintiff's argument that the City's non-waiver provision in its liability insurance contract did not preserve the City's sovereign or governmental immunity.
 

 Defendant sought discretionary review with our Supreme Court seeking review of this Court's unanimous decision on 20 April 2017. Plaintiff filed a conditional petition for discretionary review on 28 April 2017, seeking review of the issue of Plaintiff's contributory negligence. Our Supreme Court allowed both petitions on 8 June 2017.
 

 By an opinion filed 26 October 2018, the Supreme Court reviewed this Court's decision and held "the trial court correctly determined that defendant was engaged in a governmental function[.]"
 
 Meinck
 
 , --- N.C. at ----,
 
 819 S.E.2d at 367
 
 . The Supreme Court remanded the issue of "whether the trial court correctly ruled that defendant did not waive governmental immunity by purchasing liability insurance" to this Court.
 

 Id.
 

 at ----,
 
 819 S.E.2d at 367
 
 . The Supreme Court also held discretionary review of this Court's decision on the issue of Plaintiff's contributory negligence was improvidently allowed.
 

 Id.
 

 We address whether Defendant waived governmental immunity by purchasing liability insurance.
 

 II. Standard of Review
 

 Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the
 
 *417
 
 affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2017).
 

 In reviewing a motion for summary judgment, the trial court must "view the pleadings and all other evidence in the record in the light most favorable to the nonmovant and draw all reasonable inferences in that party's favor."
 
 N.C. Farm Bureau Mut. Ins. Co. v. Sadler
 
 ,
 
 365 N.C. 178
 
 , 182,
 
 711 S.E.2d 114
 
 , 117 (2011). "The party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact."
 
 Draughon v. Harnett Cty. Bd. of Educ.,
 

 158 N.C. App. 208
 
 , 212,
 
 580 S.E.2d 732
 
 , 735 (2003) (citation and internal quotation marks omitted),
 
 aff'd per curiam,
 

 358 N.C. 131
 
 ,
 
 591 S.E.2d 521
 
 (2004).
 

 We review a trial court's summary judgment order
 
 de novo
 
 .
 
 Sturgill v. Ashe Mem'l Hosp., Inc.,
 

 186 N.C. App. 624
 
 , 626,
 
 652 S.E.2d 302
 
 , 304 (2007),
 
 disc. review denied,
 

 362 N.C. 180
 
 ,
 
 658 S.E.2d 662
 
 (2008).
 

 III. Analysis
 

 Plaintiff asserts the trial court erred by granting summary judgment to Defendant on the grounds Defendant did not waive governmental immunity by purchasing liability insurance. Defendant contends it did not waive governmental immunity by purchasing insurance because of an exclusionary provision contained within an endorsement to its general liability policy.
 

 "Under the doctrine of governmental immunity, a county or municipal corporation 'is immune from suit for the negligence of its employees in the exercise of governmental functions absent waiver of immunity.' "
 
 Estate of Williams v. Pasquotank Cty.,
 

 366 N.C. 195
 
 , 198,
 
 732 S.E.2d 137
 
 , 140 (2012) (quoting
 
 Evans ex rel. Horton v. Hous. Auth.,
 

 359 N.C. 50
 
 , 53,
 
 602 S.E.2d 668
 
 , 670 (2004) (internal quotation marks omitted) ).
 

 "A municipality may, however, waive its governmental immunity to the extent it has purchased liability insurance."
 
 Hart v. Brienza
 
 ,
 
 246 N.C. App. 426
 
 , 433,
 
 784 S.E.2d 211
 
 , 216 (internal quotation marks and citation omitted),
 
 review denied
 
 ,
 
 369 N.C. 69
 
 ,
 
 793 S.E.2d 223
 
 (2016) ;
 
 see
 
 N.C. Gen. Stat. § 160A-485(a) (2017) ("Any city is authorized
 
 *463
 
 to waive its immunity from civil liability in tort by the act of purchasing liability insurance."). "A governmental entity does not waive sovereign immunity if the action brought against them is excluded from coverage under their insurance policy."
 
 Hart
 
 ,
 
 246 N.C. App. at 433
 
 ,
 
 784 S.E.2d at 217
 
 (internal quotation marks and citation omitted).
 
 *418
 
 A.
 
 Interpretation of Insurance Policies
 

 "Our courts have long followed the traditional rules of contract construction when interpreting insurance policies."
 
 Dawes v. Nash Cty
 
 .,
 
 357 N.C. 442
 
 , 448,
 
 584 S.E.2d 760
 
 , 764,
 
 reh'g denied
 
 ,
 
 357 N.C. 511
 
 ,
 
 587 S.E.2d 417
 
 -18 (2003). "When interpreting provisions of an insurance policy, provisions that extend coverage are to be construed liberally to 'provide coverage, whenever possible by reasonable construction.' "
 
 Plum Properties, LLC v. N.C. Farm Bureau Mut. Ins. Co., Inc.
 
 , --- N.C. App. ----, ----,
 
 802 S.E.2d 173
 
 , 175-76 (2017) (quoting
 
 State Capital Ins. Co. v. Nationwide Mut. Ins. Co.
 
 ,
 
 318 N.C. 534
 
 , 538,
 
 350 S.E.2d 66
 
 , 68 (1986) ).
 

 "If the language in an exclusionary clause contained in a policy is
 
 ambiguous
 
 , the clause is '
 
 to be strictly construed in favor of coverage
 
 .' "
 
 Daniel v. City of Morganton
 
 ,
 
 125 N.C. App. 47
 
 , 53,
 
 479 S.E.2d 263
 
 , 267 (1997) (emphasis supplied) (quoting
 
 State Auto. Mut. Ins. Co. v. Hoyle
 
 ,
 
 106 N.C. App. 199
 
 , 201-02,
 
 415 S.E.2d 764
 
 , 765 (1992) ).
 

 "As a general rule, ambiguities in insurance policies are to be strictly construed against the drafter, the insurance company, and in favor of the insured and coverage since the insurance company prepared the policy and chose the language."
 
 Lambe Realty Inv., Inc. v. Allstate Ins. Co.
 
 ,
 
 137 N.C. App. 1
 
 , 11,
 
 527 S.E.2d 328
 
 , 335 (2000) (citations, internal quotation marks, and alterations omitted). Exclusions from coverage in insurance policies are disfavored under North Carolina law, and are narrowly construed.
 
 Stanback v. Westchester Fire Ins. Co.
 
 ,
 
 68 N.C. App. 107
 
 , 114,
 
 314 S.E.2d 775
 
 , 779 (1984).
 

 " 'If the meaning of the policy is clear and only one reasonable interpretation exists, the courts must enforce the contract as written; they may not, under the guise of construing an ambiguous term, rewrite the contract or impose liabilities on the parties not bargained for and found therein.' "
 
 Dawes
 
 , 357 N.C. at 449,
 
 584 S.E.2d at 764
 
 (citation and internal quotation marks omitted). With these principles of insurance policy interpretation in mind, we analyze the general liability policy purchased by Defendant.
 

 B.
 
 The City's Insurance Policy
 

 Defendant's general liability insurance policy expressly provides for coverage up to a limit of $1,000,000 for "bodily injury." The insurance policy specifically states, in part:
 

 1. "Bodily Injury" and "Property Damage" Liability
 

 We will pay on behalf of the insured those sums in excess of the "retained limit" that the insured becomes
 
 *419
 
 legally obligated to pay as "loss" because of "bodily injury" or "property damage" to which this insurance applies. However; we will have no duty to pay any "loss" for "bodily injury" or "property damage" to which this insurance does not apply.
 

 The coverage provisions of Defendant's general liability policy unambiguously provide coverage to Defendant for the bodily injuries sustained by Plaintiff.
 
 See
 

 Dawes
 
 , 357 N.C. at 449,
 
 584 S.E.2d at 764
 
 .
 

 In support of its motion for summary judgment, Defendant submitted the affidavit of Gastonia's City Manager, Edward C. Munn. Munn's affidavit referenced an endorsement of exclusion of coverage provided by Defendant's general liability insurance policy, entitled "Sovereign Immunity and Damages Caps". The endorsement states:
 

 12. Sovereign Immunity and Damages Caps
 

 For any amount for which the Insured would not be liable under applicable governmental or sovereign immunity but for the existence of this Policy;
 
 the issuance of this insurance shall not be deemed a waiver of
 
 any statutory immunities
 
 by or on behalf of any insured, nor of
 
 any statutory limits
 
 on the monetary amount of liability applicable to any Insured were this Policy
 
 *464
 
 not in effect; and as respects to any "claim", we expressly reserve any and all rights to deny liability by reason of such immunity, and to assert the limitations as to the amount of liability as might be provided by law. (Emphasis supplied)
 

 The City contends the quoted endorsement "clearly and unambiguously retains Gastonia's governmental immunity." The City does not dispute that it has purchased general liability insurance or that its general liability policy would otherwise provide coverage for claims attributable to Plaintiff's injuries, but for the exclusionary language of the endorsement.
 

 In analyzing the endorsement, the emphasized language of the first clause is ambiguous. It is ungrammatical and does not clearly convey whether governmental immunity is waived under the policy. It is not a complete sentence or clause, and does not convey any clear meaning on its own. Moreover, this provision is one of fourteen separate provisions contained in the endorsement entitled "North Carolina Common Policy Conditions." Each of the other thirteen provisions is listed with a similarly numbered heading. Unlike this provision, the others all begin with complete, grammatical sentences.
 

 *420
 
 Were this opening clause a complete sentence or independent clause, the
 
 entire
 
 provision could be interpreted as clear and unambiguous. Consider for example, the following hypothetical version of the same policy provision, with the first clause written as a complete, grammatical clause that mirrors other, similar exclusions elsewhere in the policy:
 

 12. Sovereign Immunity and Damages Caps
 

 This policy does not apply to any amount for which the Insured would not be liable under applicable governmental or sovereign immunity but for the existence of this Policy;
 
 the issuance of this insurance shall not be deemed a waiver of any statutory immunities by or on behalf of any insured, nor of any statutory limits on the monetary amount of liability applicable to any Insured were this Policy not in effect; and as respects to any "claim", we expressly reserve any and all rights to deny liability by reason of such immunity, and to assert the limitations as to the amount of liability as might be provided by law. (Emphasis supplied).
 

 This hypothetical clause clearly excludes coverage in two separate circumstances: first, where the purchase of liability coverage otherwise would waive sovereign immunity or governmental immunity, which are long-standing common law doctrines; and, second, where the purchase of liability coverage otherwise would waive immunities and damages caps created by statute.
 

 The title of this provision is "Sovereign Immunity and Damages Caps" and demonstrates that it necessarily addresses both common law sovereign immunity concepts and statutory limits on liability. "Sovereign immunity" is a common law concept. A "damages cap" is a statutory law concept.
 
 Lovelace v. City of Shelby
 
 ,
 
 351 N.C. 458
 
 , 460,
 
 526 S.E.2d 652
 
 , 654 (2000) ("As early as this Court's decision in
 
 Hill v. Aldermen of Charlotte
 
 ,
 
 72 N.C. 55
 
 (1875), the state and its agencies have been immune from tort liability under the common law doctrine of sovereign immunity.");
 
 Davis v. Town of S. Pines
 
 ,
 
 116 N.C. App. 663
 
 , 673,
 
 449 S.E.2d 240
 
 , 246 (1994) ("Under the common law doctrine of governmental immunity, a municipality is immune from liability for the torts of its officers committed while they were performing a governmental function." (citation and quotation marks omitted) ); N.C. Gen. Stat. § 1D-25 (2017) (providing a statutory damages cap on punitive damages).
 

 Defendant asserts the endorsement is similar to exclusions from three other cases where this Court had determined local governments
 
 *421
 
 did not waive immunity. The controlling provisions in those cases are clearly distinguishable from the ambiguous exclusionary endorsement presented here.
 

 In
 
 Hart v. Brienza
 
 , Gaston County had a liability insurance policy containing a provision entitled "Preservation of Governmental Immunity-North Carolina", which stated:
 

 1. The following is added to each Section that provides liability coverage: This insurance applies to the tort liability of any insured only to the extent that such tort liability is not subject to any defense of
 
 *465
 
 governmental immunity under North Carolina law. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.
 

 2. .... Your purchase of this policy is not a waiver, under North Carolina General Statute Section 160A-485 or any amendments to that section, of any governmental immunity that would be available to any insured had you not purchased this policy.
 

 Hart
 
 ,
 
 246 N.C. App. at 434
 
 ,
 
 784 S.E.2d at 217
 
 (emphasis omitted).
 

 In
 
 Estate of Earley v. Haywood Cty. Dep't of Soc. Servs.
 
 , Haywood County had purchased a liability insurance policy that specifically and explicitly excluded coverage for "[a]ny claim, demand, or cause of action against any Covered Person as to which the Covered Person is entitled to sovereign immunity or governmental immunity under North Carolina Law."
 
 204 N.C. App. 338
 
 , 342,
 
 694 S.E.2d 405
 
 , 408-09 (2010). The policy also contained a specific provision clarifying the intentions of the parties, which stated:
 

 The parties to this Contract intend for
 
 no coverage
 
 to exist under Section V (Public Officials Liability Coverage) as to
 
 any claim for which the Covered Person is protected by sovereign immunity and/or governmental immunity under North Carolina law
 
 . It is the express intention of the parties to this Contract that none of the coverage set out herein be construed as waiving in any respect the entitlement of the Covered Person to sovereign immunity and/or governmental immunity.
 

 Id.
 

 (emphasis supplied).
 

 *422
 
 In
 
 Patrick v. Wake Cty. Dep't of Human Servs.
 
 , Wake County purchased a liability insurance policy that contained a provision stating:
 

 This policy is not intended by the insured to waive its governmental immunity as allowed by North Carolina General Statutes Sec. 153A-435. Accordingly, subject to this policy and the Limits of Liability shown on the Declarations,
 
 this policy provides coverage only for occurrences or wrongful acts for which the defense of governmental immunity is clearly not applicable
 
 or for which, after the defense[ ] is asserted, a court of competent jurisdiction determines the defense of governmental immunity not to be applicable.
 

 188 N.C. App. 592
 
 , 596,
 
 655 S.E.2d 920
 
 , 923 (2008) (emphasis supplied).
 

 This Court recognized and concluded the relevant language was unambiguous in the policies of
 
 Hart, Earley,
 
 and
 
 Patrick
 
 and those policies did not cover claims for which sovereign immunity would otherwise be waived by the purchase of insurance.
 
 Hart
 
 ,
 
 246 N.C. App. at 434
 
 ,
 
 784 S.E.2d at
 
 217 ;
 
 Earley
 
 ,
 
 204 N.C. App. at 342
 
 ,
 
 694 S.E.2d at
 
 408-09 ;
 
 Patrick
 
 ,
 
 188 N.C. App. at 596
 
 ,
 
 655 S.E.2d at 923
 
 .
 

 Unlike the clear and explicit contract exclusionary provisions in
 
 Hart,
 

 Earley
 
 , and
 
 Patrick
 
 , the endorsement at issue here is ambiguous.
 
 See
 
 id.
 

 Hart
 

 ,
 

 Earley
 

 ,
 
 and
 
 Patrick
 
 provide prominent examples for how exclusionary clauses have been drafted to be clear and unambiguous. Under the endorsement at issue, it is unclear whether the exclusion for coverage applies to claims for which sovereign or governmental immunity would apply.
 

 With the ambiguous language in the endorsement, we "strictly construe" the insurance policy Defendant purchased as providing coverage for claims which clearly stated provisions preserving governmental immunity would otherwise bar.
 
 See
 

 Daniel
 
 ,
 
 125 N.C. App. at 53
 
 ,
 
 479 S.E.2d at 267
 
 ("If the language in an exclusionary clause contained in a policy is ambiguous, the clause is to be strictly construed in favor of coverage." (citation and internal quotation marks omitted) ).
 

 With the purchase of liability insurance coverage, Defendant has waived governmental immunity up to the amount of its general liability policy limits of $1,000,000.
 
 See
 
 N.C. Gen. Stat. § 160A-485(a) ("Immunity shall be waived only to the extent that the city is indemnified by the insurance contract from tort liability."). The ambiguous exclusionary endorsement, strictly construed in favor of coverage and against the
 
 *423
 
 drafter, does not exclude the express coverage the City obtained when it purchased the liability insurance policy. Furthermore, the unambiguous provisions of the City's general liability policy clearly provides coverage for "bodily injury" up to a limit of $1,000,000.
 
 *466
 
 Following our precedents and construing the coverage provisions of the policy liberally and the ambiguous exclusionary provision narrowly, Defendant has not preserved governmental immunity to the extent of the $1,000,000 coverage limit.
 
 See
 

 Lambe Realty
 
 ,
 
 137 N.C. App. at 11
 
 ,
 
 527 S.E.2d at
 
 335 ;
 
 Stanback
 
 ,
 
 68 N.C. App. at 114
 
 ,
 
 314 S.E.2d at 779
 
 .
 

 The trial court's grant of summary judgment to Defendant, partly on the basis the City did not waive governmental immunity by purchasing liability insurance through the exclusionary provision, is reversed.
 

 IV.
 
 Conclusion
 

 Applying well-established canons of contract interpretation, in the light most favorable to the non-moving party, the trial court's entry of summary judgment upholding Defendant's non-waiver of governmental immunity, notwithstanding the City's purchase of liability insurance, is reversed. We remand this cause to the trial court for further proceedings.
 
 It is so ordered
 
 .
 

 REVERSED AND REMANDED.
 

 Judges ELMORE and DIETZ concur.
 

 Judge ELMORE concurred in this opinion prior to 31 December 2018.